IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:23CR284 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| MARKIESE SMITH, | ) | GOVERNMENT'S SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |

Now comes the United States of America, by and through its counsel, Rebecca C. Lutzko, United States Attorney for the Northern District of Ohio, and Colleen Egan, Assistant United States Attorney, and hereby submits this sentencing memorandum setting forth the United States' position regarding sentencing for Defendant Markiese Smith ("Smith"). The United States respectfully submits that a sentence of 60-71 months of imprisonment, consistent with the offense level calculated in the Plea Agreement, is appropriate in this case.

**I.     BACKGROUND**

On June 1, 2023, a federal grand jury in the Northern District of Ohio returned a two-count indictment charging Smith with one count of 21 U.S.C. § 846, Conspiracy to Distribute and Possession with Intent to Distribute Controlled Substances, and one count of 21 U.S.C. § 841(a)(1) and (b)(1)(B), Distribution of Methamphetamine. (R. 12: Indictment, PageID 191, 194).

Specifically, investigators conducted a controlled purchase of methamphetamine from co-conspirators Isiah Crenshaw and Isiah Hall. (R. 48: Plea Agreement, PageID 463.) Smith, along with co-conspirator Hall, distributed methamphetamine to a confidential source. (Id.). The

methamphetamine was analyzed by the Cuyahoga County Regional Forensic Scientific Laboratory and confirmed to be 444.36 grams of methamphetamine. (Id.).  Smith pled guilty to Counts 1 of the indictment under a written plea agreement with the government, which he signed on January 10, 2024.  (Id., PageID 466).

**II.     LAW AND ARGUMENT**

The United States Sentencing Guidelines are "effectively advisory."  United States v. Booker, 543 U.S. 220, 245 (2005).  The Supreme Court advised sentencing courts that, even "[w]ithout the 'mandatory' provision, the [Sentencing Reform] Act nonetheless requires judges to take account of the Guidelines together with other sentencing goals," specifically citing those goals listed in 18 U.S.C. § 3553(a). Id. at 259.  Therefore, a district court must properly calculate and consider the advisory Guidelines range.  See e.g., Gall v. United States, 552 U.S. 38 (2007); United States v. Haj-Hamed, 549 F.3d 1020 (6th Cir. 2008).

In Rita v. United States, 551 U.S. 338 (2007), the Supreme Court held that courts of appeal may apply a non-binding presumption of reasonableness to a district court sentence that reflects a proper application of the Guidelines.  Id. at 347.  The Court further held that rather than having independent legal effect, a court of appeal's "reasonableness" presumption "simply recognizes the real-world circumstance that when the district judge's discretionary decision accords with the Commission's view of the appropriate application of 18 U.S.C. § 3553(a) in the mine run of cases, it is probable that the sentence is reasonable."  Id. at 350-51.  Therefore, to facilitate appellate review, the Sixth Circuit encourages a sentencing judge to "explicitly state [the] reasons for applying particular Guidelines, and sentencing within the recommended Guidelines range, or in the alternative, for choosing to sentence outside that range."  United States v. Jones, 399 F.3d 640, 650 (6th Cir. 2005); see also Gall, 552 U.S. at 38; Haj-Hamed, 549 F.3d at 1020.

A. <u>PLEA AGREEMENT AND PSR ADVISORY GUIDELINES CALCULATION</u>

"[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guideline range." <u>Gall</u>, 552 U.S. at 49. Appellate courts must review a district court's sentence for procedural and substantive reasonableness. <u>Id</u>. at 51. Although the Guidelines are advisory, appellate courts may apply a presumption of reasonableness to a sentence that falls within the Guideline range. <u>Id</u>.

As part of the plea agreement, the government and Smith stipulated to the computation of a total offense level of 26-28, using § U.S.S.G. 2D1.1(c)(6) for, "at least 350 grams but less than 500 grams of methamphetamine." (R. 48: Plea Agreement, PageID 460). At the time of the plea agreement's signing, the government did not advocate for an acceptance of responsibility reduction and agreed to recommend that reduction only if, after pleading guilty, Smith continued to act in a manner that reflected his acceptance of the offense conduct. (<u>Id</u>., PageID 461). The plea agreement contained no stipulation regarding Smith's criminal history, and Smith acknowledged that his Criminal History Category would be determined by the Court. (<u>Id</u>.).

The final Presentence Investigation Report ("PSR") issued on March 29, 2024, found a Guidelines range of 60 to 71 months. (R. 58: *SEALED* Final PSR, PageID 742).

B. <u>TITLE 18, UNITED STATES CODE, SECTION 3553(a) FACTORS</u>

An examination of the statutory factors under 18 U.S.C. § 3553(a) shows that a substantial sentence is appropriate. Title 18, United States Code, Section 3553(a) states, in pertinent part:

> (a) Factors To Be Considered in Imposing a Sentence. – The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider –
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

3

> (2) the need for the sentence imposed –
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> \*\*\*
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . .

The nature and circumstances of the offense call for a substantial sentence of imprisonment. Criminal acts such as Smith's put the entire community in danger. Such a sentence is essential to deter similar future behavior from both Smith and the general population.

Smith's personal characteristics also suggest a significant sentence is necessary. Since the age of 17, Smith has engaged himself in criminal conduct. See R.58: Final PSR, PageID 735. Smith served a 15-year prison term for attempted aggravated murder and aggravated robbery, and during his time of incarceration, the defendant committed over 247 institutional violations. A term of imprisonment is necessary.

Moreover, there is a need to protect the public from Smith's potential future crimes. At most, there are only a few years between each of Smith's criminal acts. Even supervision for a previous offense did not stop him from reengaging in activities involving illegal narcotics. The privilege of parole from a previous offense did not dissuade him from committing a crime, and Smith needs to face the consequences of his actions through imprisonment.

### III.     CONCLUSION

For the above reasons, the government respectfully submits that a sentence of 60 to 71 months of imprisonment is appropriate in this case.

Respectfully submitted,

REBECCA C. LUTZKO
United States Attorney

By:   /s/ Colleen Egan
Colleen Egan (OH: 0083961)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3758
(216) 522-7499 (facsimile)
Colleen.Egan@usdoj.gov
